Richard E. HAMM, Jr., Plaintiff–
Appellant,

v.

John V. GULISANE, Jr., Individually
and as High School Principal of the
Copake–Taconic Hills Central School
District, John T. Oates, Individually

and as Superintendent of Schools of the Copake–Taconic Hills Central School District, Board of Education of the Copake–Taconic Hills Central School District, by its President, Stephen F. Formel, Copake–Taconic Hills Central School District, Defendants–Appellees.

Docket No. 02–7315.

United States Court of Appeals, Second Circuit.

May 13, 2003.

Richard E. Hamm, Jr., Hillsdale, New York, for Appellant, pro se.

Gregg T. Johnson, Girvin & Ferlazzo, P.C., Albany, New York, for Appellee.

Present: FEINBERG, KATZMANN, Circuit Judges, and MURTHA,* District Judge.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Appellant, Richard E. Hamm, Jr., *pro se*, appeals from the February 22, 2002 order of the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*), granting Appellees' motion for summary judgment dismissing his claims under the Americans with Disabilities Act and the Rehabilitation Act with prejudice, and dismissing his claims under the New York State Human Rights Law without prejudice.

This Court reviews *de novo* a district court's grant of summary judgment, focusing on whether the district court properly concluded that no genuine issues of material fact existed and that the movant was entitled to judgment as a matter of law. *See Allstate Ins. Co. v. Mazzola*, 175 F.3d 255, 258 (2d Cir.1999).

Hamm asserted that after he informed the Appellees that he had been diagnosed with Adult Attention Deficit Disorder, his appointment as a probationary high school teacher was terminated because defendants regarded him as disabled. *See* 42 U.S.C. § 12102(2); *Reeves v. Johnson Controls World Servs.*, 140 F.3d 144, 151 (2d Cir.1998). To be "regarded as" having a disability, a plaintiff must prove that his or her employer believed that he or she has an impairment that substantially limits one or more major live activities. *See* 42 U.S.C. § 12102(2)(C). Hamm, however, presented no evidence that the Appellees regarded him as disabled under the Americans with Disabilities Act. Having carefully considered the record, we affirm substantially for the reasons stated in the district court's memorandum-decision and order.

* The Hon. J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.